813 So.2d 329 (2002)
Robert Dean HOOVER
v.
Anne Marie Olivier HOOVER.
No. 2001-C-2200.
Supreme Court of Louisiana.
April 3, 2002.
*330 Gregory S. Johnson, Esq., Bullock & Johnson, for Applicant.
James D. Thomas, II, Esq., Benjamin P. Mouton, Esq., for Respondent.
CALOGERO, Chief Justice.[*]
We granted this writ to consider whether the community property settlement of former spouses Robert Dean Hoover and Anne Marie Olivier Hoover is a transaction or compromise, or an extra judicial partition and whether the lower courts erred in dismissing Anne Hoover's claim of lesion. Upon review of the facts and the applicable law, we find that the agreement is an extra judicial partition for which lesion remains a viable remedy.

FACTS
Robert Dean Hoover (Robert) and Anne Marie Olivier Hoover (Anne) were married on August 30, 1980. On November 16, 1994, Robert filed a petition for divorce under La. Civ.Code art. 102. On June 5, 1995, Robert filed a new divorce petition pursuant to La. Civ.Code art. 103. A judgment of divorce was rendered on July 18, 1995. That judgment resolved issues of child and spousal support but did not address division of the former spouses' property. The parties instead signed a "community property settlement." The document was executed by the parties but never made a judgment of the court. At the time that the "community property settlement" was executed, Robert represented Robert Lynn Mizell (Mizell) in a tort suit, and had a contingency fee contract. The value of that contract was not specifically included in the "community property settlement." On September 4, 1998, Anne filed a "Motion to Partition Discovered Community Asset or in the Alternative to Set Aside Community Property Partition Based on Fraud and/or Lesion." The motion alleged that the value of the Mizell contract should have, but was not, included in the property partition. The motion requested that the Mizell contract be deemed "an un-partitioned asset" and that the value be divided between the parties. In the alternative, Anne requested that the partition agreement be rescinded on the basis of fraud. In the second alternative, Anne alleged that the community property partition was lesionary.
After answering the petition, Robert moved for summary judgment alleging *331 that there is no genuine issue of material fact regarding certain claims asserted in Anne's petition. Robert also filed Exceptions of prescription and no cause of action. After a hearing, the trial court granted Robert's motion for summary judgment and dismissed Anne's claim. The court did not reach Robert's exceptions.
Anne appealed, alleging the trial court erred in dismissing her claims of fraud and lesion. The First Circuit affirmed the trial court's rulings. The court first addressed the dismissal of Anne's fraud claim. The court noted that in support of his motion for summary judgment, Robert attached his own affidavit as well as the affidavit of Nancy Sue Gregorie, the attorney who represented Anne in connection with the community property settlement. Both affidavits show that prior to the parties' execution of the partition agreement, Robert informed Anne that other contingency fee cases existed which were not part of the partition agreement; Robert refused to provide Anne with detailed information on these other matters unless Anne propounded formal discovery; and Anne, being aware of Robert's position, chose to sign the partition agreement without conducting further discovery. The court of appeal found that through the affidavits, Robert demonstrated an absence of factual support for Anne's claim that Robert fraudulently concealed the Mizell case. The appellate court then noted that Anne then failed to demonstrate that she would be able to meet her evidentiary burden of proof on the allegation of fraud at trial, and hence summary judgment was proper under La.Code Civ. Proc. art. 966.
The court next turned to Anne's lesion claim and found that the trial court properly disposed of that allegation as well. The court found that while Louisiana Civil Code article 814 allows an extrajudicial partition to be rescinded on account of lesion, the property agreement between Robert and Anne was a transaction or compromise. The court noted that the parties were fully aware of the consequences of their actions and Anne chose to accept the settlement as written despite knowledge that Robert had contingency fee cases pending. The court of appeal held that because La. Civ.Code art 3078 disallows a lesionary attack on a transaction or compromise, the trial court properly denied the claim.
Two court of appeal judges, writing separately, concurred in part and dissented in part. Both judges agreed that the trial court properly dismissed Anne's fraudbased claim, but both dissented on the majority's treatment of Anne's claim for lesion. The dissenting court of appeal judges believed a conflict existed between La. Civ Code arts. 814 and 3078. The dissenters noted that while La. Civ.Code art. 814 permits an attack on an extrajudicial partition on the basis of lesion, La. Civ.Code art. 3078 disallows lesionary attacks on a transaction or compromise. The dissenting judges believed that in this instance, the partition agreement was an extrajudicial partition subject to a lesionary attack. The dissenters noted that Williamson v. Amilton, 13 La. Ann. 387, 388 (1858) provides support for the determination that extrajudicial partitions, even if they have qualities of a transaction or compromise, are nonetheless subject to claims for lesion.

LAW AND ANALYSIS
Relator, Anne Hoover, argues that the lower courts erred in dismissing her claim for lesion by granting Robert's motion for summary judgment.[1] Anne claims *332 that the lower courts were in error in finding that the partition agreement constituted a transaction and compromise[2] for which lesion is unavailable under La. Civ. Code art. 3078[3]. Anne contends that the agreement was, instead, an extrajudicial partition which is subject to a claim for lesion pursuant to La. Civ.Code art. 814[4]. We agree.

Transaction or Compromise v. Extrajudicial Partition
Louisiana Civil Code articles 3078 and 814 are indeed, seemingly at odds. La. Civ.Code art. 814 allows an extrajudicial partition to be attacked for lesion, but La. Civ.Code art. 3078 disallows lesionary challenges of a transaction or compromise. Oftentimes, however, as is the case here, extrajudical partitions have qualities of a transaction or compromise and the question becomes which codal article applies. We find that the case of Williamson v. Amilton, 13 La. Ann. 387, 388 (1858) provides a well-reasoned analysis for resolving the conflict.
Williamson involved facts strikingly similar to those presently before the court. In Williamson, a husband and wife, after divorce, entered into a voluntary partition of the community property. The wife subsequently filed a claim for rescission of the petition on the basis of lesion. The husband opposed the wife's claim, contending that the voluntary partition was a transaction or compromise which was not assailable for lesion. The law at that time, like now, disallowed an attack on a transaction or compromise on the basis of lesion, but allowed lesionary attacks on certain partitions.[5]
*333 The Williamson court recognized the apparent conflict in the law, but reconciled the provisions in holding that "a partition, even when it takes upon itself the aspect and qualities of a compromise, may be attacked for lesion beyond one-fourth; but the partition once made, if disputes grow out of it, and the parties compromise on those disputes, this compromise is unassailable for lesion."
We find that the Williamson rationale, made under laws similar to those in the civil code today, applies to the situation currently before us. The rationale is in accordance with concepts of fundamental equity and fairness which form the basis for the lesion remedy. The law of lesion serves to ensure that one party does not benefit to the detriment of another and ensures that manipulation and deception do not become routine elements of property division. Parties who enter into extrajudicial partitions do so without benefit of prior court approval, and hence, the law provides protection in the event that one party receives less by more than one-fourth of the fair market value of the portion he should have received. See La. Civ.Code art. 814.
Here, the parties entered into a community property partition agreement which, by its very nature, had some aspects or qualities of a transaction or compromise. The parties distributed the assets and debts of the community through mutual consent, agreeing on which assets would be assigned to which spouse and who would be responsible for certain community debts. But, as stated in Williamson, the fact that the partition agreement has some aspects and qualities of a transaction or compromise does not make the agreement unassailable for lesion. Here, the agreement was an extrajudicial partition, and La. Civ.Code art. 814 allows Anne to attack the partition for lesion. The lower courts erred in finding otherwise.
Robert, however, is not contending that lesion is unavailable because the partition agreement is a transaction or compromise. In fact, Robert's counsel conceded at oral argument that the agreement was an extrajudicial partition. It is Robert's position that Anne's claim for lesion should be dismissed, not because it arises out of a transaction or compromise, but because Anne failed to produce factual support for that claim in response to Robert's motion for summary judgment.

Dismissal of Lesion Pursuant to Summary Judgment
According to Robert, the law of summary judgment mandates that Anne's lesionary claim be dismissed. He argues that after Anne filed her petition, he filed a motion for summary judgment pointing out lack of factual support for all of Anne's claims. At that point, Robert contends, the burden of proof shifted to Anne who failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. Therefore, Robert argues, summary judgment was properly granted.
The law of summary judgment is set forth in Louisiana Code of Civil Procedure article 966. Subsection C(2) of that statute addresses the burden of proof and reads as follows:

*334 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. (Emphasis provided).
Under Louisiana Code of Civil Procedure article 966, Robert is correct. The burden of proving lesion rests with Anne. Thus, Robert, in his motion for summary judgment needed only to point out to the court that there was an absence of factual support for one or more elements of Anne's claim for lesion. Thereafter, the burden would have shifted to Anne to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof as to the lesion claim at trial. A careful reading of the trial court pleadings, however, reveals that Robert never moved for summary judgment on the lesion claim in the trial court.
Robert's motion for summary judgment alleges that "there is no genuine issue of fact material to the claims or causes of action alleged in the motion/petition filed by Anne Marie Olivier Hoover." The memorandum in support of the motion, however, requests judgment as a matter of law on only three issues: (1) "plaintiffs main demand" which is Anne's allegation that the Mizell fee was an unpartitioned community asset; (2) the "disclosure/fraud" issue which is Anne's alternative argument that Robert fraudulently concealed the Mizell fee; and (3) Robert's "affirmative defenses" wherein Robert asserts that the doctrines of estoppel and transaction/compromise.
Neither the summary judgment motion nor the memorandum attacks Anne's claim of lesion. The overarching language in the motion which states that Robert is challenging "the causes of action alleged in the motion/petition" coupled with a memorandum that briefs only the "main demand", "disclosure/fraud" issue and Robert's "affirmative defenses" is insufficient to place Anne on notice that Robert was moving for summary judgment on the issue of lesion. Robert, as movant, failed to adequately place the lesion issue before the court and hence, the trial judge erred in dismissing the claim. The court cannot render a motion for summary judgment dismissing a claim which has not been challenged by the pleading. Because the summary judgment dismissing the lesion claim was in error, the court of appeal also erred in affirming that decision. Anne's remedy of lesion claim remains a viable remedy at this stage of the proceedings and the matter will be remanded to the district court.
In conclusion, we find that the lower courts erred in finding that the partition agreement between Anne and Robert Hoover was a transaction or compromise. While the agreement may have had some aspects and qualities of a compromise, it was nonetheless, an extrajudicial partition for which lesion is a remedy under Louisiana Civil Code article 814. Furthermore, Anne's claim for lesion was improperly dismissed on a motion for summary judgment as Robert Hoover's motion did not request disposition of that particular issue. Because the trial court was without authority to dismiss Anne's alternative claim *335 for lesion, it remains a viable remedy at this stage of the proceedings and we remand the matter to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Retired Justice Walter F. Marcus assigned as associate justice, ad hoc, sitting for Associate Justice John L. Weimer
[1] Anne has not sought review of the lower court rulings on her fraud based claim. Hence the court of appeal's resolution on that issue is no longer being challenged.
[2] Louisiana Civil Code article 3071 defines transaction or compromise as follows:

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
[3] Louisiana Civil Code article 3078 addresses the res judicata effect of a transaction or compromise and states:

Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
[4] La. Civ.Code art. 814 reads as follows:

An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.
[5] The relevant articles in Williamson as they read in 1858 were as follows:

Civil Code Article 3045: Transactions have, between the interested parties, the authority of the thing adjudged, and cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
Civil Code Article 1435: Partitions made, even with persons of full age, may be rescinded, like other covenants, for radical vices, such as violence, fraud or error.
Civil Code Article 1436: they may even be rescinded, on account of lesion; and as equality is the base of partitions, it suffices, to cause the rescision, that such lesion be of more than one fourth part of the true value of the property.
Civil Code article 1440: The action of rescision mentioned in the foregoing articles, takes place in the cases prescribed by law, not only against all acts bearing title of partition, but even against all those which tend to the division of property between coheirs, whether such acts be called sales, exchanges, compromises, or by any other name.
Civil Code article 1441: But, after the partition, or the act operating the same effect, the action of rescision can no longer be admitted against a compromise made to put an end to disputes arising in consequence of the first act, although there should be no suit commenced on the subject.