CARTER, C.J.
Al Ransome appeals a Family Court judgment which, among other things, denied his reconventional demand on the basis that an agreement between him and his former spouse was a transaction or compromise not subject to claims for lesion.
FACTS AND PROCEDURAL HISTORY
Marie Ransome and A1 Ransome were divorced January 27, 1993. That same date, they executed an agreement styled “Agreement to Partition Community Property” (the agreement), which was not made a judgment of the court. Ms. Ransome subsequently filed a petition to recover damages for Mr. Ransome’s alleged breach of the agreement and to enforce certain provisions of the agreement. Mr. Ran-some then filed a reconventional demand asserting that the agreement should be set aside for lesion.[2]
After a trial, the Family Court determined that the agreement constitutes a transaction or compromise that cannot be attacked on the basis of lesion, and denied Mr. Ransome’s reconventional demand. The Family Court then rendered judgment in favor of Ms. Ransome in the amount of $4,588,284.50, plus interest and attorneys fees, and ordered Mr. Ransome to pledge certain stock to Ms. Ransome, as well as indemnify and hold Ms. Ransome harmless from certain debts and from any and all liability for any indebtedness secured by certain property. Mr. Ransome appeals.
RECONVENTIONAL DEMAND
On appeal, Mr. Ransome contends the Family Court erred in denying his recon-ventional demand because, he argues, the agreement is not a transaction or compromise.[3] In support of his argument, Mr. Ransome relies on the recent supreme court case of Hoover v. Hoover, 2001-2200 (La.4/3/02), 813 So.2d 329. In Hoover, lathe court reconciled an apparent conflict between LSA-C.C. arts. 814[4] and 3078,[5] and determined that an extrajudicial community property partition, although having some aspects and qualities of a transaction or compromise, was subject to claims for lesion. 813 So.2d at 333. Based on Hoover, Mr. Ransome argues, the agreement at issue herein is subject to claims for lesion. Ms. Ransome disagrees, arguing *1225 that the agreement between Mr. Ransome and her constitutes a transaction or compromise because it resolves child support and alimony issues, in addition to partitioning the community property.
In this case, the agreement was not attached to or made a part of a judgment of the court. Rather, the agreement was entered without any manner of court approval. Thus, the agreement is extrajudicial as opposed to judicial in nature. See, e.g., Lapeyrouse v. Lapeyrouse, 98-0271, p. 3 (La.App. 1st Cir.2/19/99), 729 So.2d 682, 684; Junca v. Junca, 98-1723, p. 6 (La.App. 1st Cir.12/28/99), 747 So.2d 767, 770, writ denied, 2000-1120 (La.6/2/00), 763 So.2d 601. Under Hoover, if this extrajudicial agreement were strictly a community property partition, it would be subject to claims of lesion. The issue in this case is whether an extrajudicial partition becomes a transaction or compromise when the parties include in it the resolution of incidental matters. Based on the particular facts of this case, we find that it does not.
In this case, the parties considered and resolved incidental matters between them in dividing the community property. Thus, the agreement has some aspects and qualities of a transaction or compromise. However, the agreement is primarily a community property partition and was entered into voluntarily, without benefit of court approval and without being made a part of a judgment. In such cases, the law provides protection in the event that the partition is lesionary, i.e., one party receives less by more than one-fourth of the fair market value of the portion he should have received. Hoover, 813 So.2d at 333. The fact that a partition agreement has some aspects and | ¿qualities of a transaction or compromise does not make the agreement unassailable for lesion. Hoover, 813 So.2d at 333.
The agreement at issue was extrajudicial and, although having some aspects and qualities of a transaction or compromise, is subject to Mr. Ransome’s claims for lesion. This determination is in accordance with concepts of fundamental equity and fairness that, the supreme court noted, form the basis for the lesion remedy. See Hoover, 813 So.2d at 333.
The Family Court erred in denying Mr. Ransome’s reconventional demand on the basis that the agreement is unassailable for lesion. Therefore, we reverse the judgment of the Family Court in its entirety. We pretermit discussion of the remaining issues relating to the Family Court’s judgment.
DISCOVERY
Mr. Ransome also contends a July 6, 1998 interlocutory ruling of the Nineteenth Judicial District Court (19th JDC), which denied his motion to compel discovery, was erroneous. On writ of certiorari, this court determined that the Family Court and not the 19th JDC was the court of proper jurisdiction to hear this case, and granted Mr. Ransome’s declinatory exception raising the objection of lack of subject matter jurisdiction. Ransome v. Ransome, 99-1291, pp. 5-6 (La.App. 1st Cir.1/21/00), 791 So.2d 120, 123. Because the 19th JDC lacked jurisdiction over the subject matter of this suit, its ruling on the motion to compel discovery is void. LSA-C.C.P. art. 3; Home Distribution, Inc. v. Dollar Amusement, Inc. 98-1692, p. 9 (La.App. 1st Cir.9/24/99), 754 So.2d 1057, 1062. Mr. Ransome may present his motion to compel to the Family Court on remand.
CONCLUSION
For the reasons set forth herein, the judgment- of the Family Court is reversed. Judgment is hereby rendered, vacating for lack of subject matter jurisdiction the July *1226 6, 1998 ruling of the Nineteenth Judicial District Court on Mr. Ransome’s motion to compel. This matter is remanded to the Family Court for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed to Marie Elaine D’Amico Ransome.
REVERSED, RENDERED, AND REMANDED.

. Additional procedural history of this case is set forth in Ransome v. Ransome, 99-1291 (La.App. 1st Cir.1/21/00), 791 So.2d 120, and Ransome v. Ransome, 2001-2361 (La.App. 1st Cir.6/21/02), 822 So.2d 746.

. A transaction or compromise is defined as “an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner agreed on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.” LSA-C.C. art. 3071. Under the law, a transaction or compromise, having between the interested parties a force equal to res judicata, may not be attacked on the basis of lesion. LSA-C.C. art. 3078; Dornier v. Live Oak Arabians, Inc., 602 So.2d 743, 746 (La.App. 1st Cir.), writ denied, 608 So.2d 177 (La.1992).

. LSA-C.C. art. 814 provides, "An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.”

. LSA-C.C. art. 3078 provides, in pertinent part, "Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion.”