McKAY, C.J.,
dissents.
hln its motion for summary judgment, JCT neither set forth the essential elements of Mr. Avarez’s claims of negligence against it, nor pointed to elements it believed lacked factual support to shift the burden to Mr. Avarez under La. C.C.P. art. 966(C)(2). JCT sought summary judgment solely on the grounds that the *596 supporting documentation sufficiently resolved all material factual issues to suggest a basis of liability against it. In support of its motion for summary judgment, JCT submitted a) Mr. Alvarez’s answers to JCT’s interrogatories; b) excerpts from the deposition of Mr. Alvarez; and c) excerpts from the deposition of JCT’s owner, John C. Trahan. According to JCT, this supporting documentation resolved all material factual issues as to its liability because JCT employees did not wear the uniforms or use the carts described by Mr. Alvarez, and the Gambro renovation took place on the fourth floor of Touro, while Mr. Alvarez testified that the two subject construction workers exited on the second floor of Touro. In opposition, Mr. Alvarez addressed each piece of evidence submitted by JCT and demonstrated how each created an issue of material fact as to JCT’s involvement in the tortuous actions that caused the subject accident and the late Mr. Alvarez’s resulting injuries.
12Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Hutchinson v. Knights of Columbus, Council No. 574.7, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. Furthermore, a court cannot render a summary judgment dismissing'a claim which has not been challenged by the pleading. Hoover v. Hoover, 2001-2200, p. 7 (La.4/3/02), 813 So.2d 329, 334. Accordingly, I dissent from the majority opinion and would reverse the lower court’s granting of summary judgment.