NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0800

TRUFUND FINANCIAL SERVICES, INC.

VERSUS

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE

Decision Rendered: **APR 2 6 2021**

* * * * * * *

ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 645,210, SECTION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * * *

Anderson O. Dotson III
Parish Attorney
Jeffrey G. Rice
Special Assistant Parish Attorney
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
City of Baton Rouge/Parish of East
Baton Rouge


James C. Percy
F. Gibbons Addison
Henry Rauschenberger
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee
Trufund Financial Services, Inc.

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

**McDONALD, J.**

The City of Baton Rouge/Parish of East Baton Rouge (City-Parish) appeals a partial summary judgment dismissing its reconventional demand for breach of contract and unjust enrichment against Trufund Financial Services, Inc. (Trufund). After the appeal was lodged, Trufund filed an unopposed motion to supplement the appellate record. We dismiss the appeal and deny the motion as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Following Hurricane Gustav in 2008, the City-Parish received federal funds from a U.S. Department of Housing and Urban Development (HUD) grant to the State of Louisiana Office of Community Development – Disaster Recovery Unit (the State). In November 2011, the City-Parish contracted with Seedco Financial Services, Inc., now Trufund (the Contract), whereby Trufund would use a portion of the federal funds to administer a program providing affordable business loans and technical assistance to small businesses impacted by Hurricane Gustav and to certain newly established businesses in designated recovery districts (the Small Business Loan Program). Under the Contract terms, the City-Parish agreed to reimburse Trufund for eligible expenses of the Small Business Loan Program up to a maximum of $2.6 million, which reimbursements were conditioned upon the City-Parish's actual receipt of the HUD grant funds. The Contract required that Trufund adhere to detailed administrative requirements regarding financial management, documentation, record keeping, performance reporting, and payment procedures. The Contract also provided that the City-Parish would monitor Trufund's performance against national objectives and levels of accomplishment set forth in the Contract. If the City-Parish had probable cause to believe Trufund was not complying with applicable rules or regulations, the Contract authorized the City-Parish to withhold contract funds until the non-compliance was corrected.

From 2012 through 2015, Trufund issued small business loans and incurred expenses of approximately $1.72 million in administering the Small Business Loan Program. Trufund submitted multiple reimbursement requests to the City-Parish, and the City-Parish reimbursed two of those requests in an amount of $515,450.15, leaving

2

approximately $1.2 million in unreimbursed requests.

In January 2016, Trufund filed suit for breach of contract against the City-Parish to recover the $1.2 million, claiming such was due under the Contract. The City-Parish answered the suit, denying that it owed Trufund outstanding amounts. The City-Parish also filed a reconventional demand against Trufund for $12,420.65, claiming Trufund had breached its contractual obligations by receiving a provisional reimbursement of $12,420.65, and then failing to provide the correct supporting documentation required by the Contract. The City-Parish also claimed Trufund had been unjustly enriched by this same amount of $12,420.65. Trufund answered the reconventional demand, generally denying all allegations.

In August 2018, Trufund filed a motion for summary judgment seeking a judgment: (1) finding the City-Parish breached the Contract and was liable for the unreimbursed $1.2 million, (2) dismissing the City-Parish's reconventional breach of contract claim, and (3) dismissing the City-Parish's reconventional unjust enrichment claim. In support of its motion, Trufund filed the affidavit of Myla Poree, Trufund's vice president and managing director, to which were attached several exhibits, including the Contract, a payment activity form, Trufund's outstanding reimbursement requests and supporting documentation for the $1.2 million, and the City-Parish's reasons for rejecting those requests. Trufund did not file evidence specifically pertaining to that part of its motion seeking to dismiss the City-Parish's reconventional demand.

In January 2019, the City-Parish filed an opposition to Trufund's motion, contending there were genuine issues of material fact regarding Trufund's entitlement to the claimed $1.2 million Contract reimbursements. In support of its opposition, the City-Parish filed the affidavit of Anita Lockett, its Grant Monitor, who, along with the State, reviewed Trufund's reimbursement requests; a copy of the Contract was attached as an exhibit to Ms. Lockett's affidavit. The City-Parish's opposition does not mention its own reconventional demand for breach of contract and unjust enrichment against Trufund, nor does it address Trufund's request that the trial court grant summary dismissal of these claims.

3

In March 2019, while the motion for summary judgment was pending, the City-Parish filed an amending and supplemental[1] petition stating a breach of contract claim against Trufund for $515,450.15, the amount for which the City-Parish had already reimbursed Trufund. The City-Parish alleged Trufund had provisionally received the $515,450.15 and failed to provide requested supporting documentation to show compliance with the Contract. The City-Parish also alleged that, because of Trufund's non-compliance with the Contract, the State was demanding return of the $515,450.15. Thereafter, Trufund filed a reply memorandum in support of its motion for summary judgment, but filed no additional evidence than that which it had filed with its original motion.

The trial court held a hearing on Trufund's motion for summary judgment on March 25, 2019. At the hearing's end, the trial court granted Trufund's motion insofar as it sought to dismiss the City-Parish's reconventional breach of contract and unjust enrichment claims, finding the City-Parish failed to produce evidence supporting the claims. The trial court also denied Trufund's motion on its breach of contract claim against the City-Parish, finding there were multiple genuine issues of material fact, including whether the City-Parish had actually received the Contract funds and, therefore, had breached its obligation to reimburse Trufund.

On February 12, 2020, the trial court signed an amended judgment setting forth its ruling as follows:

> IT IS ORDERED, ADJUDGED, AND DECREED that [Trufund's] motion for summary judgment on its claim for breach of contract against the [City-Parish] is DENIED;

> IT IS ORDERED, ADJUDGED, AND DECREED that there is no genuine issue of material fact and [Trufund] is entitled to summary judgment as a matter of law dismissing the [City-Parish's] claim for breach of contract against [Trufund], and this claim shall be and hereby is DISMISSED WITH PREJUDICE;

---

[1] A supplemental pleading is different from an amended pleading. An amended pleading involves matters that occurred before the original petition was filed and that were either overlooked or unknown to the original pleader; whereas, a supplemental pleading addresses issues or causes of action that have arisen since the original pleading was filed. Supplemental pleadings are governed by La. C.C.P. art. 1155. Although labeled an amending and supplemental reconventional demand, the City-Parish's was a supplemental, not an amending, reconventional demand. *See Wadick v. Gen. Heating & Air Conditioning, LLC,* 14-0187 (La. App. 4 Cir. 7/23/14), 145 So.3d 586, 593 n.8.

4

IT IS ORDERED, ADJUDGED, AND DECREED that there is no genuine issue of material fact and [Trufund] is entitled to summary judgment as a matter of law dismissing the [City-Parish's] claim for unjust enrichment against [Trufund], and this claim shall be and hereby is DISMISSED WITH PREJUDICE;

IT IS ORDERED, ADJUDGED, AND DECREED that this Court has made an express determination that there is no just reason for delay regarding the Court's granting of [Trufund's] motion for summary judgment and dismissal of the [City-Parish's] claims for breach of contract and unjust enrichment. This Amended Judgment, insofar as it grants [Trufund's] motion for summary judgment and dismisses the [City-Parish's] claims for breach of contract and unjust enrichment, shall constitute a final judgment for the purpose of an immediate appeal [under La. C.C.P. art. 1915(B)]. There is no just reason for delay, because an appeal will clarify which claims can be brought at trial, ensure the appropriate claims are addressed at the trial of this matter, best utilize the Court's resources, and ensure fairness to the parties.

IT IS ORDERED, ADJUDGED, AND DECREED that this matter is STAYED until all appeals of this Amended Judgment are adjudicated.

The City-Parish appeals from the adverse judgment, basically contending the trial court erred: (1) by dismissing all of its breach of contract claims against Trufund when genuine issues of material fact remain as to Trufund's performance/non-performance of its Contract obligations; (2) by signing the amended judgment over the City-Parish's objection to the amended judgment's failure to specify that it *only* dismissed the City-Parish's $12,420.65 breach of contract claim, not *any and all* of its breach of contract claims; and, (3) by designating the amended judgment as a partial final judgment subject to immediate appeal.

On appeal, the City-Parish does not challenge the amended judgment's dismissal of its unjust enrichment claim against Trufund. We also note that the trial court's denial of Trufund's motion for summary judgment on its breach of contract claim against the City-Parish is not at issue in this appeal. Thus, the trial court's grant of Trufund's motion for summary judgment on the City-Parish's breach of contract claim is the only part of the February 12, 2020 judgment at issue herein.

## APPEALABILITY OF PARTIAL SUMMARY JUDGMENT

We first address the City-Parish's last assignment of error, because our subject matter jurisdiction hinges on whether the trial court properly designated the February 12, 2020 partial judgment final for appeal purposes under La. C.C.P. art. 1915B.

5

The trial court originally signed a judgment in this matter on May 1, 2019, and the City-Parish appealed that judgment under our docket number 2019 CA 1115. In September 2019, this court issued a rule to show cause why that appeal should not be dismissed, because the May 1, 2019 judgment appeared to be a partial judgment without the designation of finality required by La. C.C.P. art. 1915B. *Trufund Financial Services, Inc. v. City of Baton Rouge/Parish of East Baton Rouge*, 19-1115 (La. App. 1 Cir. 9/10/19) (unpublished order). In November 2019, this court granted the City-Parish's motion to dismiss that appeal. *Trufund Financial Services, Inc. v. City of Baton Rouge/Parish of East Baton Rouge*, 19-1115 (La. App. 1 Cir. 11/19/19) (unpublished order). Trufund then filed a motion in the trial court to certify the May 1, 2019 judgment as final and immediately appealable under La. C.C.P. art. 1915B(1). On February 12, 2020, the trial court signed the amended judgment from which the City-Parish appeals and designated it as a partial final judgment under La. C.C.P. art. 1915B. As set forth above, the trial court reasoned that "[t]here [was] no just reason for delay, because an appeal will clarify which claims can be brought at trial, ensure the appropriate claims are addressed at the trial of this matter, best utilize the Court's resources, and ensure fairness to the parties."

A partial summary judgment rendered under La. C.C.P. art. 966E may be immediately appealed during ongoing litigation only if the trial court has properly designated it as a final judgment. *See* La. C.C.P. art. 1915B(1). However, this court's jurisdiction is not determined by a trial court's designation of a partial summary judgment as final under La. C.C.P. art. 1915B. *Hernandez v. Excel Contractors, Inc.,* 18-1091 (La. App. 1 Cir. 3/13/19), 275 So.3d 278, 285. When, as here, the trial court gives explicit reasons for designating a partial judgment as final for appeal purposes, this court must determine whether the trial court abused its discretion in certifying the judgment. *R.J. Messinger, Inc. v. Rosenblum,* 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Under *Messinger,* the following list of non-exclusive factors are to be considered in determining whether a partial judgment should be certified as final: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the

6

reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Messinger,* 894 So.2d at 1122; *Hernandez,* 275 So.3d at 286. Further, in determining whether a partial judgment is final for purposes of an immediate appeal, a court must always keep in mind the historic policy against piecemeal appeals. *Messinger,* 894 So.2d at 1122; *Crown Oilfield Services, Inc. v. La. Oilfield Contractors Ass'n Ins. Fund,* 13-0394 (La. App. 1 Cir. 2/19/14), 2014 WL 3533482, *3.

Applying these precepts, we find the trial court abused its discretion in certifying the February 12, 2020 judgment as a partial final judgment under La. C.C.P. art. 1915B. Any decision by this court on the single claim at issue on appeal, *i.e.,* the granting of Trufund's motion for summary judgment as to the City-Parish's breach of contract claim against Trufund, would merely result in inefficient piecemeal resolution of only a minor part of the parties' claims. The trial court's certified judgment herein addressed only the narrow issue of the City-Parish's $12,420.65 breach of contract claim against Trufund, because that was the only amount at issue when Trufund filed its motion for summary judgment. Such is the case, because, under La. C.C.P. art. 966F, the trial court may render summary judgment only as to those issues set forth in the motion under consideration by the court at that time. A court cannot render summary judgment dismissing a claim that has not been challenged by the pleading. *Hoover v. Hoover,* 01-2200 (La. 4/3/02), 813 So.2d 329, 334; *Cason v. Saniford,* 13-1825 (La. App. 1 Cir. 6/6/14), 148 So.3d 8, 14. Thus, the February 12, 2020 judgment could not have ruled on the City-Parish's supplemental $515,450.15 breach of contract claim, because Trufund's motion for summary judgment could not challenge a claim that had not yet been asserted.

Hence, even if we were to review the trial court's dismissal of the City-Parish's $12,420.65 breach of contract claim now, such will not resolve the majority of the parties' unadjudicated claims that will have to be tried and will not shorten the time or expense of trial. At the trial, the parties will still have to produce considerable evidence to show how the majority of Trufund's reimbursement requests complied or did not comply with the

7

Contract. The trial court will still have to decide Trufund's $1.2 million breach of contract claim against the City-Parish and at least $503,029.47 of the City-Parish's $515,450.15 breach of contract claim against Trufund (assuming the $515,450.15 claim subsumes the $12,420.65 claim). Thus, viewing the entire scope of the case, appellate review of the City-Parish's narrow $12,420.65 breach of contract claim at this point would be of little value. Under a *Messinger* analysis, we find that allowing an immediate appeal of this partial judgment would only encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency. *See Crown Oilfield Services, Inc.,* 2014 WL 3533482, at *4. Because the February 12, 2020 judgment does not constitute a final judgment for the purpose of an immediate appeal, we note the trial court may revise it at any time prior to rendition of a judgment adjudicating all the claims and the rights and liabilities of all the parties. *See* La. C.C.P. art. 1915B(2). This assignment of error has merit.

Accordingly, because the trial court abused its discretion in certifying the February 12, 2020 judgment as final for appeal purposes, we lack subject matter jurisdiction over this appeal, and it must be dismissed. Because we dismiss the appeal, we deny as moot Trufund's motion to supplement the appellate record, and we pretermit the City-Parish's remaining assignments of error.

## CONCLUSION

For the above reasons, we dismiss this appeal and remand this matter to the trial court for further proceedings consistent with this opinion. We deny as moot Trufund Financial Services, Inc.'s motion to supplement the appellate record. We assess appeal costs of $6,330.00 one-half to Trufund Financial Services, Inc. and one-half to the City of Baton Rouge/Parish of East Baton Rouge.

**APPEAL DISMISSED; CASE REMANDED; MOTION TO SUPPLEMENT DENIED.**