# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0764

## LINDA LAROCCA, BROKER/OPERATING PARTNER OF KELLER WILLIAMS REALTY SERVICES

## VERSUS

## JEFFREY E. ELLIOT, JR., JASON LAMBERT and CASEY LAMBERT

Judgment Rendered: _____**MAR 2 9 2023**_____

\* \* \* \* \* \* \*

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2020-0003338

Honorable Charlotte H. Foster, Judge Presiding

\* \* \* \* \* \* \*

Sandra Destin Sims
Hammond, Louisiana

Attorney for Defendants/Appellants,
Jason and Casey Lambert

Regina S. Wedig
Amite, Louisiana

Attorney for Defendant/Appellee,
Jeffrey E. Elliot, Jr.

J. Ronald Ward, Jr.
Mandeville, Louisiana

Attorney for Plaintiff/Appellee,
Linda LaRocca

\* \* \* \* \* \* \*

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

Lanier, J., concurs

**PENZATO, J.**

This is an appeal from a summary judgment rendered in a concursus proceeding filed by a real estate broker in connection with a purchase agreement for real property. The prospective sellers, Jason and Casey Lambert, appeal the award of attorney fees to the prospective buyer, Jeffrey E. Elliot, Jr. Mr. Elliott answered the appeal. For the reasons that follow, we dismiss both the appeal and the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

On October 11, 2020, the Lamberts and Mr. Elliot entered into a residential purchase agreement for Mr. Elliot to purchase the Lamberts' property located at 39628 River Oaks Drive in Ponchatoula, Louisiana. In accordance with the purchase agreement, Mr. Elliot paid a deposit in the amount of $5,000.00, which was held in escrow by the listing broker, Linda LaRocca.

The purchase agreement provided for an inspection and due diligence period of fourteen calendar days. Mr. Elliot had the property inspected and submitted an inspection report identifying deficiencies and desired remedies to the Lamberts. The Lamberts responded to the inspection report in the time provided in the purchase agreement, electing to correct certain deficiencies and increasing the purchase price by $10,000.00. Pursuant to the terms of the purchase agreement, Mr. Elliot had seventy-two hours from the date of the Lamberts' response to the inspection report to accept their response, to accept the property in its current condition, or to terminate the purchase agreement. The purchase agreement further provided that:

> Upon the BUYER'S failure to respond to the SELLER'S Response by the time specified or the BUYER'S electing, in writing, to terminate this Agreement, the Agreement shall be automatically, with no further action required by either party, ipso facto null and void except for return of Deposit to the BUYER.

Mr. Elliot did not respond to the Lamberts' response to the inspection report within the seventy-two-hour period. However, after the expiration of the seventy-

2

two-hour period, Mr. Elliot signed the inspection report indicating that he did not accept the Lamberts' response and declared the purchase agreement null and void. Mr. Elliot sought return of his $5,000.00 deposit, which the Lamberts refused.

Ms. LaRocca, as broker/operating partner of Keller Williams Realty Services, instituted this concursus action to adjudicate the ownership of the $5,000.00 deposit made by Mr. Elliot, naming as defendants Mr. Elliot and the Lamberts. The Lamberts filed an answer to the petition for concursus. According to the Lamberts, because Mr. Elliot exceeded the seventy-two-hour deadline in which to cancel the purchase agreement, they were entitled to the $5,000.00 deposit. The Lamberts further contended that they were entitled to attorney fees and costs, as provided in the purchase agreement.

Mr. Elliot answered the petition for concursus, averring that the deposit should be returned to him. Additionally, Mr. Elliot asserted a reconventional demand against Ms. LaRocca, contending that Ms. LaRocca breached her duty to return the deposit to him pursuant to the terms of the purchase agreement and was liable for damages, including attorney fees and costs, as authorized by the purchase agreement. Mr. Elliot also raised cross claims against the Lamberts, alleging they were liable for damages, including 10% of the purchase price as stipulated damages, attorney fees, and costs, as authorized by the purchase agreement.

Ms. LaRocca answered the reconventional demand and raised an exception of no cause of action, contending that the reconventional demand was an improper procedural action to take in a concursus proceeding.[1] The Lamberts answered the cross claims, denying their liability for damages.

Mr. Elliot then filed a motion for summary judgment, attaching thereto his affidavit; the purchase agreement; the inspection report, including the Lamberts'

---

[1] Ms. LaRocca's exception was not accompanied by a proposed order requesting that the exception be set for hearing. See La. District Court Rules, R. 9.8. Therefore, the exception remains outstanding.

3

response thereto; and the affidavit of his attorney and her invoices. Mr. Elliot argued that the purchase agreement explicitly provided that when the buyer (Mr. Elliot) failed to respond to the proposal of the seller (the Lamberts) in response to the buyer's inspection demands, the agreement automatically became null and void, except for the return of the deposit to the buyer. According to Mr. Elliot, there was no dispute that he failed to respond within the required time period, and thus he was entitled to the return of the $5,000.00 deposit. He further argued that the Lamberts breached the purchase agreement when they failed to return his deposit, and, pursuant to the purchase agreement, were liable for stipulated damages in the amount of 10% of the purchase price, a reasonable amount of attorney fees, and all costs. Finally, Mr. Elliot argued that Ms. LaRocca did not disburse the deposit to him, despite the reasonable interpretation of the contract she used and was supposed to understand, and was thus liable for Mr. Elliot's damages.

The Lamberts filed a response in opposition to Mr. Elliot's motion for summary judgment. The Lamberts argued therein that Mr. Elliot's rejection of their response to the inspection report after the deadline was not an option specifically defined in the purchase agreement, and thus, did not automatically result in the return of Mr. Elliot's deposit. The Lamberts further argued that if Mr. Elliot was entitled to the return of his deposit because the purchase agreement was rendered "null and void," all other terms of the purchase agreement were also void, including the provisions for damages and costs. The Lamberts requested that the trial court deny the motion for summary judgment and "grant any additional relief deemed appropriate."

Ms. LaRocca also opposed the motion for summary judgment. She argued that there was neither a basis for damages against her under the facts of the transaction nor a basis for attorney fees against her as a result of her filing a concursus proceeding. Ms. LaRocca requested that the trial court resolve the dispute

4

over the deposit, as it was the only valid claim before the court.

Following a hearing on February 28, 2022, the trial court found that Mr. Elliot's lack of response to the Lamberts' counteroffer to the inspection report within the seventy-two-hour period was a rejection of the counteroffer that terminated the purchase agreement, and thus, Mr. Elliot was entitled to the return of his deposit. The trial court further found that the termination of the agreement did not nullify "the entire thing," and that Mr. Elliot was entitled to attorney fees and costs. The trial court denied Mr. Elliot's claim for damages in the amount of 10% of the purchase price, finding that the Lamberts did not default, but proposed a counteroffer. Finally, the trial court indicated that Ms. LaRocca acted appropriately, and was not liable for damages.

On March 10, 2022, the trial court signed a judgment in accordance with its oral ruling, granting Mr. Elliot's motion for summary judgment in part, denying it in part, and ordering as follows:

1. [Mr.] Elliot's request for damages against Linda LaRocca is denied.

2. [Mr.] Elliot's request for return of his deposit in the amount of $5,000.00 is granted and the Clerk of Court is ordered to disburse the full amount of $5,000.00 to [Mr.] Elliot, deposited in this concursus proceeding.

3. [Mr.] Elliot's request for attorney fees and court costs is granted and Jason and Casey Lambert are cast in judgment in the amount of $5,319.95 attorney fees and all court costs.

4. [Mr.] Elliot's request for stipulated damages in an amount equal to 10% of the purchase price is denied.

The Lamberts appealed, contending the trial court erred in awarding Mr. Elliot attorney fees.[2] Mr. Elliot answered the appeal, arguing that the trial court erred in denying his request for stipulated damages and seeking additional legal fees for the proceedings on appeal.

---

[2] The Lamberts did not contest the return of Mr. Elliot's deposit or the assessment of costs against them.

5

## INTERIM ORDER

On January 4, 2023, this Court issued an interim order indicating that the March 10, 2022 judgment on appeal lacked decretal language disposing of and/or dismissing any claims. We further noted that we were unable to determine from the judgment alone that all disputes between the parties to the concursus proceeding were resolved by the March 10, 2022 judgment. We remanded this matter for the limited purpose of requesting that the trial court: (1) issue an amended judgment that corrected the foregoing deficiencies and complied with La. C.C.P. art. 1918; (2) certify the March 10, 2022 judgment in accord with La. C.C.P. art. 1915 (B); or (3) indicate that it declined to certify the March 10, 2022 judgment.

Thereafter, the trial court supplemented the record with an amended judgment signed on January 21, 2023, which provided as follows:

> This is a FINAL JUDGMENT which disposes of all claims raised by all parties to this concursus proceeding and adjudicates all the parties' interests in compliance with La. CCP art. 1918 and has been amended and restated in compliance with La. CCP art. 1951 and 2088(A).
>
> IT IS ORDERED, ADJUGED [sic] AND DECREED that [Mr.] Elliot's Motion for Summary Judgment is granted in part and denied in part as follows:
>
> 1. [Mr.] Elliot's request for damages against Linda LaRocca is denied.
>
> 2. [Mr.] Elliot's request for return of his deposit in the amount of $5,000.00 is granted and the Clerk of Court is ordered to disburse the full amount of $5,000.00 to [Mr.] Elliot, deposited in this concursus proceeding.
>
> 3. [Mr.] Elliot's request for attorney fees and court costs is granted and Jason and Casey Lambert are cast in judgment in the amount of $5,219.95[3] for attorney fees and all court costs are assessed against the Lamberts in favor of [Mr.] Elliot.
>
> 4. [Mr.] Elliot's request for stipulated damages in an amount equal to 10% of the purchase price is denied.
>
> 5. All other claims and disputes among the parties are denied.

---

[3] We note that this amount differs from the amount of attorney fees in the March 22, 2022 judgment.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*). This Court's appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. See La. C.C.P. art. 1841 and 2083.

A valid judgment must be "precise, definite, and certain." *Advanced Leveling*, 268 So. 3d at 1046. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. *University Medical Center v. Schnauder*, 2019-0149 (La. App. 1 Cir. 10/23/19), 2019 WL 5485181, *1 (unpublished).

The January 21, 2023 amended judgment granted Mr. Elliot's motion for summary judgment with regard to his claim for the return of his deposit in the concursus proceeding and his claims for attorney fees and costs asserted in his cross claims against the Lamberts. The judgment denied Mr. Elliot's motion for summary judgment for his claim for damages asserted in his reconventional demand against Ms. LaRocca and his claim for stipulated damages asserted in his cross claims against the Lamberts.

While the trial court indicated that the January 21, 2023 amended judgment was a final judgment "in compliance with" La. C.C.P. art. 1918 in that it disposed of all claims raised by all parties and adjudicated all the parties' interests, it did not correct the deficiencies in the March 10, 2022 judgment noted in this Court's interim order. The January 21, 2023 amended judgment denied Mr. Elliot's motion for

summary judgment in connection with his reconventional demand and his claim for stipulated damages asserted in his cross claims, but it did not dismiss the reconventional demand or the claim for stipulated damages. However, the record reflects that, based upon the procedural posture of the case, dismissal of the reconventional demand and claim for stipulated damages would not be appropriate.

Louisiana Code of Civil Procedure article 966(F) makes clear that a summary judgment may be rendered "only as to those issues set forth in the motion under consideration by the court at that time." *Anderson v. Laborde Construction Industries, L.L.C.*, 2019-0356 (La. App. 1 Cir. 3/12/20), 311 So. 3d 1072, 1080, writ denied, 2020-00924 (La. 10/20/20), 303 So. 3d 307. As held by the Louisiana Supreme Court, a court cannot render a motion for summary judgment dismissing a claim that has not been challenged by the pleading. *Id.*, citing *Hoover v. Hoover*, 2001-2200 (La. 4/3/02), 813 So. 2d 329, 334.

The only matter before the trial court at the February 28, 2022 hearing was Mr. Elliot's motion for summary judgment. While both Ms. LaRocca and the Lamberts filed oppositions to Mr. Elliot's motion, neither filed a cross-motion for summary judgment. Thus, the only issues under consideration by the trial court were Mr. Elliot's claims for the return of his deposit, for attorney fees and costs, and for damages against the Lamberts and Ms. LaRocca. Accordingly, the trial court could not render a summary judgment dismissing Mr. Elliot's reconventional demand or cross claims. Thus, any judgment resulting from the matters heard on February 28, 2022, would necessarily be a partial summary judgment.

A partial summary judgment may be immediately appealed only if it has been designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B). *Belleview Estates, LLC v. Knoll & Dufour Lands, LLC*, 2019-1394 (La. App. 1 Cir. 9/21/20), 315 So. 3d 252, 258. However, the January 21, 2023 amended judgment was not designated as a

final judgment by the trial court after an express determination that there is no just reason for delay. See La. C.C.P. art. 1915(B).

Based upon the determinations of the trial court as expressed in the January 21, 2023 amended judgment, we decline to order a second remand to the trial court. Moreover, as the trial court has previously declined to certify the judgment in accordance with La. C.C.P. art. 1915(B), we do not have jurisdiction to consider the merits of the January 21, 2023 amended judgment.

We recognize that this Court has discretionary authority to convert an appeal from an interlocutory judgment to an application for supervisory writs. See *Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Under certain circumstances, appellate courts have exercised that discretion to convert an appeal of an interlocutory judgment into an application for supervisory writs, such as when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. *Boyd Louisiana Racing, Inc. v. Bridges*, 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *3 (unpublished).

Although we have the discretionary authority to convert the Lamberts' appeal to an application for supervisory writs and rule on the writ application, we decline to do so in this case because the ruling would not terminate the litigation as Mr. Elliot's reconventional demand and cross claims have not been dismissed, and both the Lamberts and Mr. Elliot will have an adequate remedy by review on appeal after rendition of a final judgment. See *Succession of Saucier*, 2021-1466 (La. App. 1 Cir. 6/29/22), 344 So. 3d 108, 114.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal of the January 21, 2023 amended judgment. We further dismiss the answer to the appeal filed by Mr. Elliot because it is based on a non-appealable judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**